The Honorable Judges of the United States Court of Appeals in and for the Seventh Judicial Circuit. Hear ye, hear ye, hear ye. All persons having business before this Honorable Court are admonished to draw near and give their attention as the Court is now sitting. God save the United States and this Honorable Court. Judge Ripple, good morning to you. Good morning. How are you? Good. Thank you. We have everyone gathered for our first case, so we'll begin. It's case number 212661, In Re, the Establishment and Inspection of Anthony Marano and Company, and we'll begin with Ms. Herring. Good morning. Good morning, Your Honor. May it please the Court. My name is Kimberly Herring, and I represent the appellant, Anthony Marano Company. This appeal involves three core issues. Anthony Marano's right under the law of the Seventh Circuit to challenge an administrative inspection warrant before it is executed, the District Court's clearly errant finding of probable cause, and the District Court's prejudicial failure to follow the procedure outlined in Federal Rule of Civil Procedure 72. Ms. Herring, can I ask you a question? Absolutely. Could you talk about our jurisdiction for this appeal? I have, you know, I just want to tell you why. The probable cause here is, I think, as thin as it could possibly be. It's just literally one sentence, and there are, I think there are Fourth Amendment issues. The probable cause is now nearly a year old, assuming that probable cause even exists. So, I don't know, I'm just not sure if this is the proper time to address those issues with all that appears to me to be going on in the District Court. It seems like there's a motion for, what is it, a contempt motion down there, and there's an issue as to the statute of limitations, I think, right, as to whether, I think that's it, as to whether there's, whether they've told the statute of limitations. It just seems like there's a lot going on down there, and what are we supposed to do with that? Everything in the District Court, Your Honor, has been stayed pending this appeal. This court's jurisdiction comes from 28 U.S.C. 1291 and the United States Supreme Court decision of Ryan. The Ryan case held that in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claim, then final review pursuant to 1291 is proper, absent a contempt order in the lower court. Now, generally, the rule is you have to endure a contempt proceeding, and then you can appeal pursuant to 1291. But in this case, OSHA is entitled to forcibly execute its warrant, absent the stay that's in place, pending this appeal. So that's where we get the fact that any absent immediate review, Anthony Marano's review, would be impossible. The Ryan court goes on to explain. But hold on for one second. His review of the execution, the search, would be impossible, right? The search warrant would be executed, and then citations would be issued. There would be a procedure as to whether or not the citations were enforceable, and then you could appeal the citations. This sounds to me, and maybe it's just totally different, and I'm missing something, but this sounds to me exactly what happens in thousands of criminal cases every week throughout the United States. The police get a warrant based upon probable cause from a neutral magistrate judge. They execute the warrant, and oftentimes there's a trial. And then we deal with whether or not the fruits of the search should have been suppressed. Here, the fruits of the search would be citations, which we could overturn on appeal, or a district court judge could deal with in the first instance, and perhaps even, or I guess even the Department of Labor could overturn the citations. Judge, the difference here is that in the context of an administrative inspection warrant, an employer has the right to file a motion to quash before it's executed. And they did that. They did that. Absolutely. Absolutely, we did that. And the district judge denied it, but why should there be a right to appeal? That's where I'm confused. Why should there be a right to an appeal that warrant, that district judge's decision prior to the execution of the warrant and the issue of citations if the citations are warranted? Because it's a final decision under 1291 and Ryan, because if we do not get an opportunity to appeal now, Anthony Marano has to endure a Fourth Amendment violation. There is no appeal that could happen before an administrative court or before this court again after the administrative remedies are exhausted, which could undo a Fourth Amendment violation. Is that different in the criminal context? Maybe it is. I'm just trying to distinguish it because what you're describing sounds to me like what, I mean, my gosh, hundreds of defendants would argue the same thing, that we should be able to stop the warrant before it's executed because if we don't, we endure an illegal search under the Fourth Amendment and there's no remedy. And here, it seems to me that the remedy would be analogous to a criminal context where we would suppress the fruits of the illegal search. It is different, Your Honor, and that's the case law that's cited in my brief in the section that explains that Anthony Marano does have a pre-warrant execution right to bring a motion to quash. It is a different scenario and it is a different framework that was enunciated by the Supreme Court in Marshall v. Barlow's and that this court has upheld time and time again over the last 45 years. Does your client have any right to a suppression remedy after the execution of the warrant? Yes, Your Honor, before an administrative tribunal. And the administrative tribunal will grant that if the law and the facts require it? If the law and the facts require it, I would certainly hope so, Your Honor. However, that does not undo a Fourth Amendment violation. Well, it can provide a remedy for the Fourth Amendment violation. Sure, it can. Your Honor, it absolutely can provide a remedy, as can a Vivian's action. However, neither of them can undo the fact that someone with no probable cause to enter Anthony Marano enters Anthony Marano. So, let me ask you this. When you say that there's an administrative right to quash, in your view, that applies in any and all circumstances, regardless of what authority OSHA has received and what they're searching for and the circumstances around it? So, the way this procedure works is a warrant is issued by a magistrate judge. If the warrant is executed and OSHA conducts an inspection and issues citations, then Anthony Marano agrees that the remedy is a suppression motion before an administrative court. It's an administrative law judge. Right. What about ex ante? I thought your position was we can stop him at the door. We can stop the forcible entry, regardless of the circumstances. That is an issue for an Article III court. That is an issue for the district court. That is an issue for the Seventh Circuit Court of Appeals. That does not need to go to an administrative court. Do you understand the agency to agree with you on the existence of a viable suppression remedy at the agency level when they review the action? Yes. There are no further questions regarding jurisdiction, Your Honors. I have a question about is Ryan, in your view, best read as part of the Supreme Court's collateral order jurisprudence? No, Your Honor. This is not a collateral order issue.  before the district court. This case was filed in the district court just to issue the warrant at issue. We filed our challenge to that warrant. There's nothing else going on in the district court. There's no discovery. There's no depositions. This is the entire case, Your Honor. This is not a collateral issue. Is the Ryan exception that you cite, is that impacted at all here by the stay? The reason I ask that question is because, as I understand it, OSHA has not sought to lift the stay and it should remain in place while all the contempt issues are litigated just because OSHA has not sought to lift it. So the contempt issues could be litigated while the stay is in place. Does that have any impact on Ryan? A couple clarifying issues there, Your Honor. The stay was issued by Judge Kendall on the contingency that I would immediately appeal to this court. That is why she issued the stay. That is the only way that she would issue the stay. That doesn't create appellate jurisdiction, though. I mean, it doesn't. I understand, Judge. But what does create appellate jurisdiction is that absent that stay, the inspection moves forward because OSHA can show up with U.S. Marshals and say, we're inspecting whether you let us in or not. And that is what elevates this to the Ryan exception. That is what brings this within the purview of immediate review would render impossible any review whatsoever of Anthony Marano's claims. Not whatsoever, though. That's the problem that I have. It's not any review whatsoever. It would prohibit review of the execution of the warrant. It would not prohibit review of the result of the warrant, which would be potential citations. It would prohibit all review, Your Honor, prior to a Fourth Amendment violation. There are things that could happen after a Fourth Amendment violation. There are remedies. There's money that could be sought. There's suppression. But that does not undo a violation of my client's Fourth Amendment rights. And that's what we're here to protect today. I know there are cases. I'm sorry, Judge Ripple, go ahead. No, go ahead, please, Judge. I know there are cases where we've where we've reviewed the Seventh Circuit, where we've reviewed pre-execution warrants. Are there any cases where we've said that an appellant has the right for us to review pre-execution warrants under the statute? Or have we just done it without specifically stating that? The Kohler decision, Your Honor, that the magistrate judge relied on and that the appellant relied on has a quotation exactly to that effect. That case says, quote, a warrant is reviewable in the district court and subsequently in the court of appeals until OSHA completes its inspection. Now, the procedural posture of Kohler is in opposite to the issue before this court. But it very clearly states that the warrant is reviewable in the district court. Yeah, I see that. I see that. If Your Honor's don't have any further questions for me, I'd like to reserve the remainder of my time for rebuttal. Very well, Mr. Lopez, we'll turn to you. Good morning. Good morning, Your Honor. Ms. Herring, may it please the court, Juan Lopez on behalf of the Secretary. Your Honors, OSHA inspection warrants are court orders, and most law-abiding citizens and employers understand that compliance with these orders is a matter of the law. It's mandatory. The reason we are here today is because Anthony Morano took the unusual step of defying a duly issued warrant and preventing an OSHA inspection into confirmed allegations about a serious injury that sent an employee to the hospital. Now, without providing any factual or legal basis for negating the agency's need for the effectively upend the efficient and speedy enforcement of the OSHA by holding that the agency must fully litigate a warrant before it can be executed. This is a procedural step that does not even exist in the context of the more protective criminal search warrant. The court must deny this extraordinary relief and dismiss this premature appeal for three primary reasons. First, as I will explain, there is no pre-enforcement right to defy and challenge a warrant in federal court. Secondly, if such a right does exist, the district court order below is not a final order appealable to this court because the contempt order or the contempt matter is still pending. Lastly, should this court, in fact, decide that it can hear the company's claims at this stage, it should nonetheless uphold the warrant because it's supported by sufficient probable cause. Mr. Lopez, as you address those points, can you start with the appellate jurisdiction argument? Certainly. Appellate jurisdiction derives, as we know, from 28 Section 1291, and that refers to final decisions of the district court. And there's a host of Seventh Circuit and Supreme Court case law dealing with the fact that a final order has to have adjudicated all the parties' claims. In this case, the district court not only had Anthony Morano's claims of the motion to quash and the motion to stay, but it also has the matter of contempt. The secretary filed a motion to certify contempt in this case, and that is still, in fact, pending before the district court. And if the district court had decided the contempt issue, would we have a final appealable order under 1291 and under Kohler? That would be a final appealable order, and this court would have the jurisdiction to review that district court order. Now, under Kohler, Trading Marine and Fifth Circuit,  we do still think that the district court got it correct by holding that there is no pre-enforcement right for Anthony Morano to file a motion to quash an un-executed warrant. Mr. Lopez, suppose that the district court denies the secretary's pending motion to toll the limitations period. That would mean, wouldn't it, would it not, that the secretary is outside the statute of limitations? Now, you might think the decision's wrong, but let's just suppose that that happens. If the court, in fact, does toll the, does not toll. No, denies it, right. You couldn't issue a citation, right. Right, it could be argued that we would be out of time and any citation with respect to the March 2001 injury would be outside the statute of limitations. However. Right, so wouldn't that mean, the point that I'm trying to get at is, of course you couldn't, if you're outside the limitations period, you can't issue citations outside the limitations period. You'd, by definition, be acting without authority. Okay, would that also mean that the warrant has effectively expired as well? That you couldn't, you couldn't the next day, so if all this happens tomorrow, Thursday, you couldn't on Friday morning show up and execute the warrant? I, I respectfully disagree. The sort of probable cause can be based not just on the injury that occurred in the past, but it could also exist based on the entirety of the circumstances that led to the injury. And so those circumstances may still exist at this time, and that's why OSHA still intends to conduct the inspection. And moreover, although we cannot cite for the injury that did occur in March 2021, if the statute of limitations is not told, there may be other violations that may still be in existence. So the Secretary's view is that despite the passage of time in these particular facts and circumstances, there's not a staleness issue, number one, and number two, even if the District Court denies the motion to toll the limitations period, the Secretary would still be acting within the statutory authority to execute the warrant. That's right, Your Honor. No, there's no staleness issue here. Probable cause is not, the effect of probable cause is not dissipated with time. There's case law in this circuit specifically that says that the passage of time between the complaint and OSHA's response to the complaint is not relevant for purposes of probable cause. And more importantly, if there were to be a staleness issue any time circumstances like this occurred, where in this case, the employer not only demands a warrant, and then when OSHA shows up with a warrant, they defy the warrant and then file a motion to quash, they could effectively make every single OSHA enforcement effort stale. And so that would be simply unworkable in the context of the OSHA. Well, that's why I was interested in your concession on what Kohler does and says, because that's right. But that's, to me, at least a statutory issue for Congress, not for us. I mean, I'm interested in your views on the staleness because I think the whole six-month time limit, Congress put in a six-month time limit, probably, I mean, I'm guessing, to It seems to me that the Fourth Amendment applies in this context, just like it does in a criminal context. And based upon a one, I mean, this probable cause is one sentence. I think it's actually one sentence in the report. Somebody called, they said they got hit in the head by a forklift and they went to the doctor. OSHA didn't even confirm that they went to the doctor, from what I can see. That is it. That's the entirety of the probable cause from March of 2021. And they have to execute the warrant within six months of the incident. I think at least a good reason for that is the Fourth Amendment. And I don't know of the case law, maybe you can cite me to it, that says that staleness is not an issue. And I completely understand the problem that you have identified, that if OSHA can be blocked by a pre-execution motion to quash in the district court, it may be very difficult under the existing law for them ever to execute these warrants once an employer has notice of it. I get that. But that doesn't seem like it's an issue for us. That seems like it's an issue for the Congress. So go ahead. I'll let you respond. Sure. Yeah, there's several points I'd like to discuss. In reference to the citations, the case law within the circuit, there's Federal Casting Division Primal 8, American Court 684F2D504 from 1982 of this court. Basically, the court in that case said that passage of time does not negate probable cause. Secondly, you mentioned that OSHA must execute the warrant within six months. That's not in the statute. What the statute does say is that OSHA's citations may not be issued after six months from the moment of the violation. As I mentioned, violations may be in existence right now, and OSHA has probable cause to inspect with respect to those potential violations because of the injury that occurred in March 2021. And as I explained, the injury may have occurred for a host of reasons. And the magistrate judge in its report and recommendations outlines the different potential violations that may have given a rise based on this specific incident. And so I disagree that the act requires us to execute within six months. And furthermore, the passage of time does not negate probable cause. Mr. Lopez, if I could redirect your attention for a moment. I asked your colleague whether there was a viable suppression motion, and she answered yes before the agency. Is that the position of the agency? Yes. For years now, the Occupational Safety and Health Review Commission, which is the forum that Congress established to resolve these enforcement disputes between employers and addressing motions to suppress and other Fourth Amendment constitutional claims from employers for years now. And so we do not contest that that may happen at the review commission. And in fact, that is one of the basis for why exhaustion should be available in this case, and it should be applied. All the factors that favor requiring an employer to exhaust administrative remedies are present in this case because the case may eventually become moot and resolved in favor of either party or excuse me, in favor of Anthony Marano. The review commission may determine that, in fact, there was a violation and suppress the evidence. And that case, the citation would be invalidated and there would be no reason for us to be before this court. Mr. Lopez, has the commission ever granted a suppression motion? It has, yes. The Kohler decision cites several cases in which the review commission has changed its tune to be able to address employers' claims that the evidence obtained during an inspection was illegally obtained due to the Fourth Amendment. And if the court would like supplemental citations or a letter with respect to those specific cases, I'd be happy to do that. I would, especially with respect to civil suppression in a civil proceeding as opposed to a criminal proceeding. Your brief is really kind of laconic on this issue. And at least for me, it's an important issue. If you could just briefly clarify. The commission has granted the motion to suppress when a civil citation is at stake. Is that right? So, if I could clarify. The commission deals with only civil citations. The commission is there to enforce civil citations under the OSHA Act. There are not criminal penalties that are by the commission. Mr. Lopez, could you, you mentioned something that I misspoke when I mentioned the six-month issue and his citations. It's not the execution of the search warrant. But is there authority that you can point me to that says that even if the six-month period for issuing citations has expired, OSHA is still permitted under the law to execute a search warrant, even though there's no effective remedy. They can come in and they can execute a search warrant, I guess, for what purpose? Because they can't issue citations. So, if you're asking for authority for the six-month statute of limitations to be told, there's... No, no, no, no, I've got that. I'm looking for authority that says even after the six-month period for issuing citations has run, OSHA is still permitted under the law to execute their search warrant, even though there's no remedy for any violations. And how that works with the Fourth Amendment. Yeah, so I guess OSHA can go in and execute a search warrant and then say, we don't like what you're doing and walk out and they have no ability to change anything or issue citations. That's what I heard you saying, but maybe I misunderstood. I apologize if that's the impression you got. No, OSHA can issue citations within six months of any violation. It doesn't have to be the violation that gave rise... I understand. So, your view is if you execute the search warrant this Friday, hypothetically, and in the course of executing the search warrant, you see or your inspector see what you deem to be a violation, you just have to issue the citation on that violation within six months of Friday's search. That's correct. That's correct. That's a separate issue from the staleness as a Fourth Amendment matter, right? In other words, Ms. Herring could argue in representing her client that this was stale. You know, that you did this on Friday, February 18th. This all arose in March of 21. There's a tremendous Fourth Amendment staleness issue. She could argue that. She'll either win it or she won't. Yeah, the argument's there to be made, but as I mentioned, there's a pretty clear case law on this point that the passage of time even beyond the six-month date after the injury that gives rise to OSHA's need to inspect, that the passage of time does not matter for Fourth Amendment purposes. Probable cause can still exist. The analysis for establishing administrative probable cause for issuance of a warrant can still be had even after the six-month date. And with my short time left, I would just like to call attention to the policy reasons that a pre-enforcement right to challenge a warrant should not exist. If this court gives the green light to employers that they can outright defy and challenge a warrant before it's executed, that'll simply load up the courts with all kinds of motions to quash whether they have any basis or not. And in this case, the company has no factual or legal basis to negate the fact that there was an injury, an injury which the company does not negate. They've conceded that this injury occurred. They've actually agreed to maintain evidence with respect to this injury below. Mr. Lopez, thank you very much. Ms. Herring, we'll turn back to you. Your Honor, the statute of limitations for an OSHA citation reads this. No citation may be issued under this section after the expiration of six months following the occurrence of any violation. It's not when the inspection is initiated. It's the violation. Now, Your Honor asked about staleness. What's needed for probable cause is specific evidence of an existing violation. I represent to the court that not only was there never specific evidence of an existing violation, but as the time passes, it becomes even farther from specific evidence of an existing violation. Ms. Herring, can you go back to the point we were asking Mr. Lopez about? And suppose the district court denies the Secretary's pending motion to toll the limitations period, okay? What consequence does that have for your client in your view? What's the kind of cascading effect as a legal matter in your judgment? If there is no longer any possibility of OSHA citations, then there's no need to execute a warrant. The warrant becomes stale. Okay. Doesn't that right there tell you that we have an appellate jurisdiction issue? In other words, suppose that right now, as we're talking, unbeknownst to us, in contrary to the stay, the district court enters an order denying the motion to toll the limitations period. That's certainly something that's a good development for you, not a bad development. Right? So what's the consequence of it? And the reason I'm asking that question and pushing on that is the issue of pre-enforcement review here in the name of vindicating a Fourth Amendment right is not the simplest of constitutional questions. And federal courts, as you know, try to avoid, in furtherance of the case or controversy requirement and our limited role, answering those questions before we have to. And so it seems to me that that motion to toll is quite material to the question of appellate jurisdiction and our need to answer the Fourth Amendment question. Judge, the issue with the district court entering the tolling order and re-accepting is that the entire issue would become moot if the case went back to the district court and the stay was lifted. And Anthony Murano has no challenge to the Fourth Amendment. There's never been a search. Right? As we're talking right now, there's been no search. Correct. If the district court denies the motion to toll, why, how is that not, the cascading effect of that not complete victory for your client? I understand what you're saying, Your Honor, but the wrinkle is that the stay is in effect only pending my appearance here before the court. Well, hold on. If the district court denies the motion to toll, aren't you going to stand in front of the district court judge and say, this is over in its entirety, over, done. There shall be no search. Yes, Your Honor, I would. Okay. And then you're, but you're nonetheless, given that possibility, you're nonetheless asking us to write an opinion on this particular Fourth Amendment question. And not only asking us to saying that we have jurisdiction and we were effectively compelled to, Your Honor, we can't get to the tolling issue without the possibility of an immediate inspection. The second that this case gets back down to the district court, there is the immediate possibility that OSHA shows up with marshals and says, we're coming in and we're doing our inspection long before any order is ever entered on the tolling issue. That's where the jurisdiction comes from, Your Honor. Judge Ripple, any further questions? No, thank you. Okay. Thanks to both parties. The case will be taken under advisement.